

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Over____ by V-161

Honorable Calvin C. Huffman
Acting Chairman
Appropriations Committee
House of Representatives
Austin, Texas

Dear Mr. Huffman:

Opinion No. 0-5179

Re: Constitutionality of House Bill
No. 199, 48th Legislature, in-
volving payment of taxes by the
State to Maydelle Independent
School District upon certain
State lands for the years 1941
and 1942.

Your request for an opinion concerning the constitu-
tionality of House Bill No. 199 is before us. The Bill is as
follows:

"SECTION 1. The several sums of money herein-
after indicated, or so much thereof as may be neces-
sary, are hereby appropriated out of the General
Revenue Fund for the purpose of paying taxes due by
the State to the independent school district named
herein, as follows:

"Maydelle Independent School District for the
year 1941, Two Hundred and Seventy Dollars and
Seventy-four Cents ($270.74), and for the year 1942,
Two Hundred and Fifty Dollars and Ninety Cents
($250.90), making the total for the two (2) years
Five Hundred and Twenty-one Dollars and Sixty-four
Cents ($521.64).

"SECTION 2. The fact that Article 2784b of the
Revised Civil Statutes of Texas, 1925, and Article
7150, Section 2-A and Section 3-A, Acts of the Forty-
first Legislature, Fifth Called Session, Chapter 47
and Chapter 49, pages 190 and 191, Section 1 of each

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

chapter, provides that the State shall pay taxes creates an emergency and an imperative public necessity that the Constitutional Rule requiring bills to be read on three several days in each House be suspended, and said Rule is hereby suspended, and this Act shall take effect and be in force from and after its passage, and it is so enacted."

It is the opinion of this department that the Bill if enacted into law will be constitutional.

Article 2784b cited by you is as follows:

"Sec. 1. That from and after the passage of this Act, all land in Cherokee County, Texas, owned by the State of Texas and Prison Commission of Texas, except the land heretofore set aside for the Rusk State Hospital, but including the land heretofore set aside to the Agricultural & Mechanical College for re-forestration purposes, shall be subject to taxation for school purposes where any such land is embraced within the metes and bounds of any independent or common school district.

"Sec. 2. Where any such land is embraced within the metes and bounds of any independent or common school district, the Trustees of the Independent School District, of the Commissioners' Court for a Common School District, are hereby authorized to levy and cause to be assessed and collected taxes for school purposes for the amount and in the manner prescribed by the General Laws for the levy of school taxes."

Article 7150, Vernon's Revised Civil Statutes, deals with the subject of exemptions from taxation. Sections 2a and 3a of that Article contain provisos that are pertinent. They are as follows:

"Sec. 2-a. Provided that any territory that has been acquired or may hereafter be acquired, by the State of Texas, as a part of any State Prison Farm or property, shall not hereafter be exempt from the payment of its pro rata part of any bond tax of a public school district of which

the said territory was a part at the time bonds of the said district which are now outstanding were issued, or which is a part of said district at the time of the issuance of bonds which may hereafter be voted; and the pro rata part of said tax that shall be paid by said territory shall be the proportionate part that the assessed valuation of such territory for county purposes is of the total assessed valuation of the school district for the year in which such taxes are assessed. Provided, also, that the said bond tax shall be paid by the governing board of management of the State Prison System out of any funds appropriated therefor by the Legislature. It is hereby specifically provided that the said bond tax shall be paid for each year that has elapsed since any such territory of a school district was acquired by the State for and as a part of said prison system, if any bonds were then outstanding.

"Sec. 3-a. Provided that any territory that has been acquired or may hereafter be acquired, by the State of Texas, as a part of any State Prison Farm or property, shall not hereafter be exempt from the payment of its pro rata part of any maintenance tax of a public school district of which the said territory was a part at the time said maintenance tax of the said district which are now outstanding was voted, or which is a part of said district at the time any maintenance tax may hereafter be voted by said district; and the pro rata part of said tax that shall be paid by said territory shall be the proportionate part that the assessed valuation of such territory for county purposes is of the total assessed valuation of the school district for the year in which such taxes are assessed. Provided, also, that the said maintenance tax shall be paid by the governing Board or Management of the State Prison System out of any funds appropriated thereby by the Legislature. It is hereby specifically provided that the said maintenance tax shall be paid for each

Honorable Calvin C. Huffman - page 4

year that has elapsed since any such terri-
tory of a school district was acquired by
the State for and as a part of said prison
system."

The question of the right of the Legislature to
subject the State to the payment of taxes has never been
decided by our Supreme Court so far as we have been able
to discover. The subject, however, has been discussed by
the greatest constitutional writer perhaps, Judge Cooley.
At page 1024, Vol. 2, of his Constitutional Limitations
(8th edition) he says:

"A state may, if it sees fit, tax the
property owned, held, and used by itself or
its municipalities for public purposes; but
this would so obviously be unwise and impoli-
tic that the intent to do so is never as-
sumed, but public property is always, by im-
plication of law, exempt from the operation
of the general terms of tax laws."

In Opinion No. O-1861 by this department, under
date December 14, 1939, it was held that property conveyed
to the Board of Regents of the State University by George
Beggs and Mike Hogg was the property of the State, and as
such, was exempt from all taxation, under the Constitution
and laws of the State.

It was noted in that opinion, however, that:

"It is our opinion that land belonging to
the State of Texas is exempt from taxation un-
less there is an express enactment to that ef-
fect." (Emphasis supplied)

It may be added that there is nothing in our Con-
stitution forbidding the Legislature to make the State liable
for taxes upon its own property. That being true, we are of
the opinion that the Legislature in the exercise of its broad
power of enacting laws has the authority, if it sees fit to
exercise it, thus to tax the sovereign itself.

APPROVED APR 9, 1943

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

OS-MR

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Ocie Speer
Assistant

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN